IN THE CIRCUIT/CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

KAREN BURNETT KING,

    Plaintiff,

vs.                                                         No. CT-_____

                                                             Div / Par _____

NICHOLAS ROBINSON KING,

    Defendant.

---

## COMPLAINT FOR ABSOLUTE DIVORCE AND FOR EXCLUSIVE USE OF THE RESIDENCE, OR IN THE ALTERNATIVE FOR AN IMMEDIATE HEARING ON TEMPORARY PARENTING PLAN

---

    Comes now the Plaintiff, Karen Burnett King (hereinafter "Wife"), by and through her counsel of record, and in support of this Complaint respectfully shows to the Court as follows:

    1.    Plaintiff is a resident of Shelby County, Tennessee, and has been such for more than six months preceding the filing of this Complaint. Further, the acts complained of herein occurred while Plaintiff was a resident of this state.

    2.    Defendant, Nicholas Robinson King (hereinafter "Husband"), is a resident of Shelby County, Tennessee, and has been such for more than six months preceding the filing of this Complaint.

    3.    Plaintiff, in compliance with T.C.A. § 36-4-106, alleges as follows:

        (a)    With reference to Husband:

            (1)    The full name of Husband is Nicholas Robinson King.
            (2)    Husband's race is Caucasian.
            (3)    Husband's present domicile and residence is 5469 Scarlet Fields Drive, Arlington, Tennessee 38002.
            (4)    Husband was born on April 24, 1977.
            (5)    Husband has had one previous marriage.

EXHIBIT 4

  (b) With reference to Wife:

    (1) The full maiden name of Wife is Karen Burnett.
    (2) Wife's race is Caucasian.
    (3) Wife's present domicile and residence is 5469 Scarlet Fields Drive, Arlington, Tennessee 38002.
    (4) Wife was born on December 2, 1977.
    (5) Wife has had one previous marriage.

  (c) With reference to the marriage:

    (1) The date of the marriage was April 5, 2007.
    (2) The place of the marriage was Memphis, Tennessee.
    (3) The parties separated on or about February 26, 2009.
    (4) There is one minor child of this marriage, namely, Addison King, date of birth, January 17, 2008.

4. Pursuant to T.C.A. § 36-6-216, Wife alleges as follows:

  (a) The parties have lived with the minor child at 5469 Scarlet Fields Drive, Arlington, Tennessee 38002 from January 17, 2008, to the present.

  (b) The minor children's present residence is with the Wife at 5469 Scarlet Fields Drive, Arlington, Tennessee 38002.

  (c) Wife has not participated as a party, witness or in any other capacity in any other litigation concerning custody of the minor children pending in this or in any other state.

  (d) Wife has no information of a custody proceeding concerning the minor children pending in this or any other state.

  (e) Wife knows of no person not a party to the proceedings who has physical custody of the children, or claims to have physical custody or visitation rights with respect to the children.

5. Wife alleges that irreconcilable differences exist between the parties.

6. Wife alleges that Husband is guilty of inappropriate marital conduct.

7. Wife alleges that she is the fit and proper person to be designated as the primary residential parent of the parties' minor child, both *pendente lite* and permanent.

2

8. Wife alleges that Husband has been consistently and repeatedly verbally abusive to Wife throughout the marriage, often in the presence of the parties' minor child. Wife alleges that Husband has a quick and unpredictable temper, and often becomes enraged over minor issues. Husband is employed full time and owns his own business, which he works at part-time. Husband is often away from the home from 6:00 a.m. to 8:30 p.m., and sometimes stays away from the residence later. Wife alleges that it is in the manifest best interests of the parties' child that Wife and the child enjoy exclusive use and possession of the marital residence. In the alternative, Wife alleges that this Honorable Court should set a temporary parenting schedule determined to be in the best interests of the child.

9. Wife alleges that the parties have acquired various property and indebtedness during their marriage, all of which should be equitably distributed.

WHEREFORE, PREMISES CONSIDERED, WIFE PRAYS AS FOLLOWS:

a. That proper process issue and be served upon Husband, requiring him to answer this Complaint, but his oath to said answer is hereby expressly waived;

b. That Wife be awarded an absolute divorce from Husband;

c. That Wife be designated the primary residential parent of the parties' minor child, both *pendente lite* and permanent;

d. That this Honorable Court set this matter for a hearing on a date as soon as practical and award Wife and the child exclusive use and possession of the marital residence; or in the alternative, set a temporary parenting plan determined to be in the best interests of the parties' minor child;

e. That Wife be awarded child support, attorney fees and suit expenses, both *pendente lite* and permanent;

3

f. That there be a reasonable and equitable division of the property and debt of the parties;

g. That any marital dissolution agreement entered into between the parties be approved by the Court and incorporated into the final decree of divorce;

h. That any permanent parenting plan entered into between the parties be approved by the Court and incorporated into the final decree of divorce; and

i. That Wife be granted such other relief, both general and specific, to which she may be entitled in the premises.

Respectfully submitted,

_____
Mitchell D. Moskovitz (#15576)
Adam N. Cohen (#19337)
SHEA MOSKOVITZ & MCGHEE
Attorneys for Plaintiff
530 Oak Court Drive, Suite 355
Memphis, Tennessee 38117
(901) 821-0044


Service accepted this 27 day of February 2009.

_____
Divorce Referee

4

FIAT

TO THE CLERK OF COURT:

Set the issue of exclusive use and possession/temporary parenting plan for a hearing on ____Friday____ the _27_ day of ___March___, 2009 at _10:00_ a.m., and issue notice of same to Defendant, Nicholas Robinson King.

_____
JUDGE/CHANCELLOR

DATE: __2/27/09__

5

## OATH

Karen Burnett King makes oath that she has read the foregoing Complaint for Absolute Divorce; that the facts stated therein are true to the best of her knowledge, information and belief; that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
KAREN BURNETT KING

STATE OF TENNESSEE

COUNTY OF SHELBY

Personally appeared before me, _Cheryl A Lockhart_, a Notary Public of the state and county aforesaid, KAREN BURNETT KING, with whom I am personally acquainted (or proven to me on the basis of satisfactory evidence), and who acknowledged that she executed the within instrument for the purposes contained therein.

WITNESS my hand, at office, this _26_ day of _February_, 2009.

_Cheryl A Lockhart_
Notary Public

My Commission Expires:

6