DOCKET NO. _____

STATE WARRANT - WITH WAIVER
STATE OF TENNESSEE,
TIPTON COUNTY
STATE OF TENNESSEE

Vs.

Michael Wayne Parsons

444 Hughes Road

Brighton  TN 38011

Charge: Convicted Felon In Poss Of Firearm

Issued: 12 day of February

Bond set at $ 5000.00  at 0900 am

3-18-20 14

I. P. Judge, Clerk of the Court of General Sessions

INITIAL APPEARANCE DATE:

RETURN ON SERVICE

Continued: _____

Continued: 2/25/14

Michael Wayne Parsons

( ) Executed as commanded by the arrest of the
defendant(s):

( ) The below defendant(s) are not to be found in this
county:

Date _____
2/11/20 14

Authorized Officer

## WAIVER AND PLEA

The Defendant pleads _____ guilty/to
the offense of _____

and waives his right to be tried only by indictment or pre-
sentment preferred by a Grand Jury, and likewise waives
trial by a jury of his peers.

Defendant states that he has been advised and understands
the following:

1. The right to plead not guilty;
2. The right to jury trial;
3. The right to confront and cross-examine the witnesses
against him;
4. The right not to be compelled to incriminate himself;
5. The right to indictment;
6. The nature of the charge(s) against him;
7. The possible defenses to said charge(s);
8. The minimum punishment for said charge(s);
9. The maximum punishment for said charge(s);
10. That prior conviction may be considered in determining
his sentence;
11. The fact that no trial will follow this plea but only
sentencing;
12. The fact that it is perjury to falsely answer questions by the
Judge while under oath;
13. The fact that there must be facts to support the plea;
14. The fact that this conviction will be used in the future to
increase punishment for subsequent offenses and in DUI,
2nd DUI sentence is a fine of $600 to $3,500 and 45 days
to 11 months 29 days 3rd DUI is a fine of $1,100 to $10,000
120 days to 11 months 29 days. A fourth or subsequent
conviction for driving under the influence is a Class E Felony
and there shall be imposed a fine of not less than $3,000 nor
more than $15,000, one to six (6) years with confinement
of not less than one hundred fifty (150) days, and you shall
be prohibited from driving a vehicle for a period of
five (5) years. A conviction for driving while impaired counts
for all purposes as a conviction for DUI.

Further, defendant states that he is guilty of the charge(s)
because the facts which he knows to exist equal the elements
of the charge(s). Defendant therefore states that there is a
factual basis for his plea. Defendant states that he is plead-
ing guilty freely and voluntarily and has been advised that
the Judge is required to interrogate the defendant personal-
ly. Defendant having been fully advised of this requirement
does now freely and voluntarily waive said interrogation of
the above rights and petitions the Court to accept his plea
of guilty without said interrogation.

SUBMITTED, APPROVED AND CONCURRED IN:

_____
ATTORNEY FOR DEFENDANT

_____
DEFENDANT

## APPOINTMENT OF COUNSEL

I understand that I have a right to an attorney and that this
court will appoint an attorney, if I cannot afford one.
Having been informed of my rights and fully understand
them I desire:

( ) To have my own counsel: _____

( ) Appointed counsel: _____

( ) To represent myself: _____

Date _____

_____
DEFENDANT

## ORDER OF ACCEPTING PLEA OF GUILTY

After reviewing the petition set out herein, the Court did then
interrogate the defendant personally.

Further, the Court did interrogate the defendant as to the intel-
ligent and voluntary waiver of rights.

Based upon this personal interrogation the Court concluded
that the defendant understands the nature of the charges against
him and the rights which he is giving up by this guilty plea.

Therefore, the Court concludes that there is a factual basis for
the defendant's plea of guilty and the defendant's plea is being
entered freely, knowledgeably, and voluntarily after freely,
knowledgeably and voluntarily waiving the above set out
rights.

Finally, the Court accepts the defendant's plea of guilty.

IT IS, THEREFORE, ORDERED, ADJUDGED AND
DECREED that the defendant's plea of guilty heretofore
entered by and is hereby accepted by the Court.

This the _____ day of _____, 20___.

_____
Judge of the Court of General Sessions

NO.   8296

---

## STATE OF TENNESSEE

VS.

## MICHAEL WAYNE PARSONS

Indictment for

Felony Possession of a Weapon (2 Counts)

---

Witnesses sworn before the Grand Jury to give evidence on the indictment:

*Michael Green*

A TRUE BILL

*William D Brooks*  · 03-02-15

Foreman of the Grand Jury                              Date

---

### WITNESSES
Summon for the State by order of
D. Michael Dunavant, District Attorney General

Inv. Michael Green, Tipton County Sheriff's Office
Det. Jay Rodriguez, TCSO
Det. Richard Nessly, TCSO
Dep. Sher. John Turner, TCSO
Dep. Sher. Mark Daugherty, TCSO
Donnie Johnson, Tennessee Department of Corrections

Inv. Michael Green, Prosecutor

# STATE OF TENNESSEE

**TIPTON COUNTY**                                **CIRCUIT COURT OF TIPTON COUNTY**

                                                                **MARCH TERM 2015**

 **THE GRAND JURORS** of Tipton County, Tennessee, duly empaneled and sworn, upon their oath, present that **MICHAEL WAYNE PARSONS,** on or about February 11, 2014, in Tipton County, Tennessee, and before the finding of this indictment, did unlawfully, feloniously and knowingly possess a firearm, to-wit: a Smith and Wesson .357 handgun, after being convicted of a felony involving the violence or the use of force, to-wit: aggravated assault on November 23, 2009, in the Circuit Court of Tipton County. Docket #6030, in violation of T.C.A. 39-17-1307(b)(1)(A), against the peace and dignity of the State of Tennessee.

## COUNT 2

 And the Grand Jurors on their oath aforesaid further present that in Tipton County on or about February 11, 2014, before the finding of this indictment, the said **MICHAEL WAYNE PARSONS,** did unlawfully, feloniously and knowingly possess a weapon, to-wit: a Remington 700 ADL .308 caliber rifle, after being convicted of a felony involving the violence or the use of force, to-wit: aggravated assault on November 23, 2009, in the Circuit Court of Tipton County. Docket #6030, in violation of T.C.A. 39-17-1307(b)(1)(A), against the peace and dignity of the State of Tennessee.

*D. Michael Dunavat*

District Attorney General

## IN THE CIRCUIT COURT OF TIPTON COUNTY, TENNESSEE

STATE OF TENNESSEE

VS.

**DOCKET NO. 8296**

MICHAEL WAYNE PARSONS

### PRE-TRIAL ORDER

   **Arraignment:** The defendant and/or attorney is given a copy of the indictment and pre-trial order.

   **Motions:** Pre-trial motions must be filed within 45 days. The defendant's attorney is responsible for scheduling hearing dates as required for motions.

   **Settlement date:** If there is to be a negotiated settlement of the case, the Court must be advised of such settlement on or before status day. If the defendant desires to change his plea to guilty after the status date has passed, he may do so by pleading to the indictment as charged and the sentencing hearing will be set by the Court. Negotiated pleas may be entered any day the court is in session.

   **Status day:** If the case is not announced settled or pled before that date, the defendant's attorney is required to appear on **June 26, 2015 at 9:30 a.m. for a mandatory status conference either in person or by letter** to indicate whether the case is resolved or will go forward to trial. If the defendant is on bond, he/she is to attend personally.

   **Trial:** The case is set for trial on August 17, 2015.

   **Discovery:** T.R.Crim.P. 16 (a)(1)(A) through (G), prefaces the right with the language: upon a defendant's request. Requests should be in writing. Where the defendant requests disclosure, he shall comply with the reciprocal rights of the state, per R.16. If a dispute arises with regard to discovery, a hearing can be scheduled with the clerk the next available court date. All discovery must be completed at least twenty days before trial date. The State has a duty to disclose exculpatory evidence, see Brady v. Maryland, 373 U.S. 83 (1963). Discovery of alibi witnesses is governed by Rule 12.1 Defendant is to receive advance notice of the names of the state's witnesses, per T.C.A. 40-13-107, 40-17-106.

   All of which is ORDERED this March 9, 2015.

_____  
Judge

FILED

MAR 0 3 2015

MIKE FORBESS, CLE...

## IN THE CIRCUIT COURT OF TIPTON COUNTY, TENNESSEE

STATE OF TENNESSEE

VS.                                            NO. 8314

MICHAEL WAYNE PARSONS

### NOTICE OF INTENT TO SEEK ENHANCED PUNISHMENT
### NOTICE OF REPEAT VIOLENT OFFENDER STATUS
### NOTICE OF CONVICTIONS FOR IMPEACHMENT PURPOSES
### NOTICE OF ENHANCING FACTORS

Comes the State of Tennessee, through the District Attorney General for the Twenty-fifth

Judicial District, and would show that:

A. The defendant, based upon the following felony convictions, is a:

      ( )    Standard Offender (Range I); or

      (X)    Multiple Offender (Range II); or

      ( )    Persistent Offender (Range III); or

      ( )    Career Offender (Range III); or

      ( )    Repeat Violent Offender (T.C.A. 40-35-120);

      ( )    Habitual Drug Offender (T.C.A. 39-17-417(l))

| Date of Conviction | Nature of Conviction | Court (County, State, #) |
|---|---|---|
| 11-23-09 | Agg. Assault (9-24-07) | Tipton Circuit #6030 |
| 11-23-09 | Agg. Assault (9-24-07) | Tipton Circuit #6030 |
| 11-23-09 | Burg. Of Veh. (9-24-07) | Tipton Circuit #6030 |

B.     The felony was committed while on any of the following forms of release status if such release is from a prior felony conviction:

     A.  Bail, if the defendant is ultimately convicted of such prior felony;
     B.  Parole;
     C.  Probation;
     D.  Work release; or
     E.  Any other type of release into the community under the direct or indirect supervision of the department of correction or local governmental authority;

Respectfully,

D. Michael Dunavant
District Attorney General


Assistant District Attorney General


## Certificate of Service

I certify that a true and correct copy of the foregoing notice has been mailed or hand-delivered to _____, Attorney for the Defendant, this _____ day of _____ 20___.


Assistant District Attorney General

**IN THE CIRCUIT COURT OF TIPTON COUNTY, TN** COPY

**STATE OF TENNESSEE**
    **v.**               **R.D.  8296**
**MICHAEL PARSONS**

## ORDER

The defendant was arraigned on March 30, 2015, and requested an extension of time to hire an attorney.  He is currently incarcerated with TDOC and indicated he would be released in May and requested an opportunity to hire an attorney upon release.

The pre-trial order is amended to allow the defendant to report with an attorney on June 26, 2015 at 9:30 am.   The trial date will be adjusted if needed.

All of which is so ORDERED this  March 30, 2015

_____
Judge

To the Clerk:   mail or deliver a copy to the DA and Mr. Parsons

Certificate:  I certify I have delivered a copy as directed this _31_ day of March 2015

_____
Clerk

**FILED**

**MAR 3 0 2015**

MIKE FORBESS, CLERK / *27.7.*    1