IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE PARSONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-cv-02411-STA-egb |
| ) | |
| BILLY DAUGHTERY, ) | |
| J.T. CHUMLEY, ) | |
| JOSEPH H. WALKER, ) | |
| WILLIAM A. PEELER, ) | |
| ) | |
| Respondents. ) | |
| ) | |

ORDER DISMISSING PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 10, 2016, Petitioner, Michael Wayne Parsons, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner alleges that he is a pretrial detainee at the Tipton County Jail, where he is being held "without cause" and "starved and tortured."  (ECF No. 1 at 4.)  He also alleges that he is being detained in violation of his right to release on bond.  (*Id.* at 5.)  Petitioner seeks "[i]mmediate release from custody."  (*Id.* at 9.)

On August 5, 2016, Petitioner filed a notice of change of address.  (ECF No. 4.)  The notice suggests that Petitioner may have been released from pretrial detention.  However, because the notice lists only a mailbox at a UPS Store in Lakeland, Tennessee, it does not conclusively show Petitioner's custody status.  On December 16, 2016, the Court therefore ordered Petitioner to file a statement disclosing his custody status within twenty-eight (28) days.

(ECF No. 5.) The Court warned Petitioner that his failure to file the disclosure statement will result in dismissal of the petition under Federal Rule of Civil Procedure 41(b).

Petitioner has not filed a statement disclosing his custody status and the time allowed for filing the statement has passed. Accordingly, the petition is DISMISSED for Petitioner's failure to comply with the Court's order and for want of prosecution. *See* FED. R. CIV. P. 41(b).

## APPEAL ISSUES

A § 2241 petitioner who challenges his state custody may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2) & (3). Although a COA does not require a showing that the appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), a court should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there is no question that the petition should be dismissed for the reason stated. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason the Court denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 25, 2017